**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas C. Borchers,<br><br>   Petitioner,<br><br>v.<br><br>David Shinn, Director of the Arizona Department of Corrections,<br><br>   Respondent. | No. CV-20-08170-PCT-DGC (ESW)<br><br>**ORDER** |

Petitioner Douglas Borchers was sentenced to Arizona state prison in 1974 for raping a thirteen year old girl. Following his release some 40 years later, he was returned to prison for violating the conditions of his release. Borchers commenced this federal action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Docs. 1, 5. Magistrate Judge Eileen Willett has issued a report recommending that the Court deny the petition ("R&R"). Doc. 27. Borchers objects. Doc. 30. For reasons stated below, the Court will accept the R&R and deny the petition.

**I.     Background.**

On March 12, 1974, Borchers abducted a girl from her junior high school and raped her at knife point. *See* Doc. 29 at 7. Borchers was convicted in state court of kidnapping, rape, and lewd and lascivious conduct, and was sentenced to 20-years-to-life in prison. *See* Docs. 5 at 2, 29 at 2; *see also State v. Borchers*, CR1974-006459 (Coconino Cty. Super. Ct.); *Borchers v. Lewis*, 967 F.2d 584, at *1 (9th Cir. 1992).

In November 2014, the Arizona Board of Executive Clemency ("Board") released Borchers on parole, subject to certain conditions. *See* Doc. 12-8 at 2, 8. In July 2019, the Arizona Department of Corrections ("ADOC") issued an arrest warrant alleging that he had violated three conditions of supervision: (1) soliciting prostitution (condition 5); (2) accessing internet websites that cater to sex offenders (condition 13(E)); and (3) accessing websites that could encourage sexual excitement or hostile behaviors (condition 13(G)). *Id.* at 2-13. The Board revoked Borchers' parole in August 2019 after finding that he had violated each condition. Docs. 12-9 at 2. He was returned to prison to continue serving his sentence in the 1974 case.

In September 2019, Borchers challenged the parole revocation in a state-court petition for post-conviction relief ("PCR") under Arizona Rule of Criminal Procedure 32.1. Doc. 12-1. The superior court dismissed the petition. Doc. 12-4. The court of appeals granted review, but denied relief. Doc. 12-6; *State v. Borchers*, No. 1 CA-CR 20-0070 PRPC, 2020 WL 3249932, at *1 (Ariz. Ct. App. June 16, 2020).

Borchers brought this federal habeas action in July 2020. Doc. 1. He asserts two grounds for relief in his amended petition: (1) parole conditions implemented after his 1974 case violate the ex post facto clause of the United States Constitution, and (2) his continued imprisonment after his sentence expired under a 1992 revision of state sentencing laws violates due process. Doc. 5 at 6-7. Respondent filed an answer opposing the petition and Borchers filed a reply. Docs. 12, 23. Judge Willett finds ground one to be without merit and ground two to be procedurally defaulted without excuse. Doc. 27 at 2-10.

**II.     R&R Standard of Review.**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court "must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). The Court is not required to conduct "any review at all . . . of any issue that is

not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

**III.   Federal Habeas Standards.**

   **A.   Exhaustion and Procedural Default.**

Federal habeas petitions are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241, *et seq*. The AEDPA prohibits a federal court from granting habeas relief unless the petitioner has "exhausted the remedies available in the courts of the State[.]" 28 U.S.C. § 2254(b)(1)(A). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts[.]" *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To "fairly present" a federal claim in state court, the petitioner must provide the factual and legal basis for the claim. *Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009). He must "make the federal basis of the claim explicit either by specifying particular provisions of the federal Constitution or statutes, or by citing to federal case law." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005); *see Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996).

An unexhausted claim is procedurally defaulted where state procedural rules make a return to state court futile. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). A federal court may not consider the merits of a procedurally defaulted claim unless the petitioner establishes cause for the default and actual prejudice, or shows that a miscarriage of justice would result. *See id.* at 750-51; *Schlup v. Delo*, 513 U.S. 298, 321 (1995). Under the cause and prejudice test, the petitioner must show that some external cause prevented him from following the procedural rules of the state court and fairly presenting his claim. *See Robinson v. Ignacio*, 360 F.3d 1044, 1052 (9th Cir. 2004). A miscarriage of justice exists when a constitutional violation has resulted in the conviction of one who is "actually innocent." *Schlup*, 513 U.S. at 327. "Actual innocence," for purposes of *Schlup*, "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Where a petitioner attempts to exhaust a federal claim in state court and the claim is deemed waived for "noncompliance with a state procedural rule, the federal claim is procedurally defaulted[.]" *Smith v. Or. Bd. of Parole & Post-Prison Supervision*, 736 F.3d 857, 862 (9th Cir. 2013) (citing *Wainwright v. Sykes*, 433 U.S. 72, 90-91 (1977)). This procedural default rule applies where "the state procedural rule . . . provide[s] an adequate and independent state law basis on which the state court can deny relief." *Hurles v. Ryan*, 752 F.3d 768, 780 (9th Cir. 2014) (quoting *Bennett v. Mueller*, 322 F.3d 573, 580 (9th Cir. 2003)). "Arizona's waiver rules are independent and adequate bases for denying relief." *Id.*; *see* Ariz. R. Crim. P. 32.2(a) (precluding claims not raised on appeal or in prior PCR petitions).

**B.**     **Merits.**

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). A state prisoner, therefore, may not obtain federal habeas relief for errors of state law. *See id.* at 67-68.

With respect to the merits of exhausted and cognizable federal claims, the AEDPA requires federal courts to defer to the last reasoned state court decision. *See Murray v. Schriro*, 882 F.3d 778, 801 (9th Cir. 2018). Habeas relief is not warranted unless the petitioner shows that the state court's decision was (1) contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or (2) based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d). "A state court decision is 'contrary to' clearly established federal law if it applies a rule that contradicts Supreme Court case law or if it reaches a conclusion different from the Supreme Court's in a case that involves facts that are materially indistinguishable." *Nevarez v. Barnes*, 749 F.3d 1124, 1127 (9th Cir. 2014).

This highly deferential standard "demands that state court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). Indeed, the AEDPA

"reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)). A federal court therefore must "avoid applying [the] AEDPA in a manner that displays 'a lack of deference to the state court's determination and an improper intervention in state criminal processes.'" *John-Charles v. California*, 646 F.3d 1243, 1253 (9th Cir. 2011) (quoting *Harrington*, 562 U.S. at 104).

In a recent decision, the Supreme Court reaffirmed the deferential habeas standard and explained why the standard is "difficult to meet":

> The term "unreasonable" [in § 2254(d)] refers not to "ordinary error" or even to circumstances where the petitioner offers "a strong case for relief," but rather to "extreme malfunctions in the state criminal justice system." In other words, a federal court may intrude on a State's "sovereign power to punish offenders" only when a decision "was so lacking in justification beyond any possibility for fairminded disagreement."

*Mays v. Hines*, 141 S. Ct. 1145, 1149 (2021) (quoting *Harrington*, 562 U.S. at 102-03) (alterations omitted).

**IV.     Judge Willett's R&R and Borchers's Objection.**

    **A.     Procedural Default of Ground Two – Due Process Claim.**

In Ground Two, Petitioner alleges that he has been imprisoned beyond the expiration of his sentence in violation of due process. He alleges that in 1992, the Arizona Legislature passed a law to bring sentences in line with Arizona's 1978 Truth-in-Sentencing law. Petitioner alleges that the 1978 law provided for the Board to review all 1956-Criminal-Code-sentenced prisoners to determine which code afforded the earliest mandatory release date, that his earliest mandatory release date was after serving 35 years, yet he has served 46 years. Doc. 6 at 5.

Borchers did not plead this ground in his PCR petition. *See* Doc. 12-1. Instead, he argued in his PCR reply brief that his ex post facto claim would be moot had the Board modified his sentence to 35 years. Doc. 12-3 at 5 ("If [the Board] would have discharged

Defendant at the end of 35 years or modif[ied] the sentence, it would make the ex post facto conditions [moot].").

Judge Willett finds that Borchers did not fairly present ground two as a federal claim in his state court PCR proceeding. Doc. 27 at 8 (citing Doc. 12 at 7). Judge Willett further finds that ground two is procedurally defaulted because a return to state court would be futile under Arizona Rule of Criminal Procedure 32.2(a)(3), and the default is not excused. Doc. 27 at 9-10.

Borchers does not dispute that he failed to raise ground two in his state PCR petition, but asserts that his default should be excused because his sentence to life in prison is a "miscarriage of justice." Doc. 30 at 7. Borcher essentially argues an error of state law – that he should have been released years ago under Arizona's 1978 Truth-in-Sentencing law. As noted above, federal habeas petitions are not the place to assert errors of state law.

In addition, for purposes of the AEDPA, a miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup*, 513 U.S. at 327. The petitioner must prove with "new reliable evidence" that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 324, 327. Borchers presents no such evidence, and his procedural default of ground two therefore cannot be excused. *See id.* at 324 (explaining that a gateway claim of actual innocence requires "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial"); *see also House v. Bell*, 547 U.S. 518, 538 (2006) (emphasizing that "the *Schlup* standard is demanding and permits review only in the 'extraordinary' case"). The Court will accept Judge Willett's recommendation that ground two be denied. *See* Doc. 27 at 10.

**B.     Merits of Ground One – Ex Post Facto Claim.**

In Ground One, Petitioner alleges that either the ADOC or the Board applied new conditions of parole to Petitioner's 1974 case, which he contends constitutes an ex post facto change. Petitioner alleges that the Arizona Legislature made retroactive changes to

an October 1, 1978 law, four years after Petitioner was convicted, that ADOC turned this legislation into 46 conditions of parole, and that any failure to agree with these conditions results in a prisoner being returned to custody until his sentence expires – in Petitioner's case, until he dies. He alleges that the 1978 change in the law is substantively more onerous than the law in effect when he was sentenced and constitutes an ex post facto law. Doc. 6 at 4-5.

Borchers raised this claim in his PCR petition. Doc. 12-1 at 1-7. The superior court dismissed the claim, stating:

> The test of whether a statute violates the ex-post facto clause is whether the statute is regulatory in nature and effect; if so, it is not considered punitive in nature and therefore is not a penalty that increases a statutory sentence. Arizona courts have held that requiring a person to register as a sex offender, or imposing a community notification statute, are regulatory and not punitive. The purpose of these laws is to protect the community from sex offenders and therefore they do not constitute an ex-post facto imposition of a punitive penalty.
>
> The conditions of release imposed by the [Board] likewise are designed to protect the community. They did not increase the punishment imposed by the original sentencing judge in this case. They are regulatory and not punitive in their nature. The Defendant was advised of these conditions and agreed to them. A.R.S. § 31-411 (E). These conditions are within the accepted authority of the [Board] when supervising convicted felons on parole.
>
> The Court concludes that the Defendant has failed to raise a colorable claim of a violation of his rights under the Arizona or U.S. Constitution.

Doc. 12-4 at 3. This decision was affirmed on appeal. Doc. 12-6 at 5.

As Judge Willett explains in her R&R, the ex post facto clause of the United States Constitution bars laws that retroactively (1) alter the definition of crimes or (2) increase punishment for criminal acts. Doc. 27 at 4 (citing U.S. Const. art. I, § 10, cl. 1; *Collins v. Youngblood*, 497 U.S. 37, 43 (1990)). Judge Willet found that Borchers' parole conditions do neither, and that Borchers has not shown that the state courts' rejection of his ex post facto claim was contrary to, or an unreasonable application of, federal law as determined

- 7 -

by the United States Supreme Court. Doc. 27 at 4 (citing 28 U.S.C. § 2254(d)). The Court agrees with Judge Willett.

Borchers' objection asserts that the Board has never modified his "proclamation of parole" to include the ADOC's 46 conditions of release, that those conditions were authorized by the Arizona legislature in 1978, and that the conditions "are substantively more onerous than those imposed by the Board under the 1956 [criminal] code, thereby violating the ex post facto clause of the Constitution." Doc. 30 at 3-4. But these arguments merely reassert the grounds in Borchers' petition and provide the Court with no guidance as to what specific aspect of the R&R Borchers considers to be incorrect. Rule 72 requires that objections be "specific" to the findings and recommendations of the magistrate judge. Fed. R. Civ. P. 72(b)(2); *see* 28 U.S.C. § 636(b)(1). Because "the purpose of the magistrate is to promote efficient use of judicial resources, there is no benefit if the [C]ourt is required to review the entire matter de novo because [Borchers] merely repeats the arguments rejected by [Judge Willett]." *Quigg v. Salmonsen*, No. CV 18-77-H-DLC-JTJ, 2019 WL 1244989, at *1 (D. Mont. Mar. 18, 2019); *see Eagleman v. Shinn*, No. CV-18-2708-PHX-RM (DTF), 2019 WL 7019414, at *4 (D. Ariz. Dec. 20, 2019) ("[O]bjections that merely repeat or rehash claims asserted in the Petition, which the magistrate judge has already addressed in the R&R, are not sufficient under [Rule] 72."). For this reason alone the Court can reject Borhcers' ground-one objections.[1]

The Court also concludes that ground lacks merit. Borchers' parole was revoked because he violated specific conditions of supervision, not because of his criminal conduct in the 1974 case. *See Nevarez*, 749 F.3d at 1128 (rejecting ex post facto claim were the diminution in time-served credits was not triggered by the prisoner's original conviction offense, but by "intervening conduct – continued gang affiliation"). The conditions prohibited Borchers, as a convicted violent sex offender, from soliciting prostitution and accessing websites that cater to sex offenders or encourage sexual excitement or hostile

---

[1] Borchers also asserts that the county attorney stated in his appellate brief that federal law is not binding on state courts, but does not explain why this fact is relevant to Judge Willett's analysis of ground one. *Id.* at 1-2.

behaviors. *See* Doc. 12-1 at 10-16. The superior court found that these conditions do not violate the ex post facto clause because they are designed to protect the community, did not increase the punishment imposed in the 1974 case, and are regulatory in nature. Doc. 12-4 at 3. Judge Willett correctly concluded that this state-court decision is neither contrary to nor an unreasonable application of Supreme Court precedent. Doc. 27 at 4.

*In California Department of Corrections v. Morales*, 514 U.S. 499 (1995), the Supreme Court considered whether a post-sentencing change to parole procedures violated the ex post facto clause. Addressing the first prong of the ex post facto inquiry, the Court concluded that such a change did not alter the definition of the crime for which the defendant was convicted. *Id.* at 505. Addressing the second prong, the Court considered whether the change retroactively altered the punishment for the crime and declined to adopt an interpretation of the ex post facto clause that would "forbid[] any legislative change that has any conceivable risk of affecting a prisoner's punishment." 514 U.S. at 508.

*Morales* held that whether a law sufficiently increases a punishment to run afoul of the clause is a matter of "degree," and that merely increasing the period of time between parole board hearings did not produce "a sufficient risk of increasing the measure of punishment attached to the covered crimes." *Id.* at 509. Although increased time between parole hearings theoretically could result in more prison time before parole, the Court found that the change "creates only the most speculative and attenuated possibility of producing the prohibited effect of increasing the measure of punishment for covered crimes." *Id.* The change therefore was "insufficient under any threshold we might establish under the Ex Post Facto Clause." *Id.*

The same is true in this case. The law challenged by Borchers established conditions for his release that were designed to ensure the safety of the community. Whether these conditions would ever lengthen his prison sentence was by no means certain. If Borchers complied with the conditions, he would not serve another day in prison for his 1974 conviction. If he violated, the decision on whether to return him to prison would be up to the Board and would depend on the severity of his violations, the risk he presented to the

- 9 -

community, and other factors. *See Hogan v. Ariz. Bd. of Pardons & Paroles*, 501 P.2d 944, 947 (Ariz. 1972) (noting that the Board "has exclusive power to grant or revoke a release"); *Ingersoll v. Ariz. Bd. of Exec. Clemency*, No. 1 CA-CV 19-0069, 2019 WL 6222195, at *2 (Ariz. Ct. App. Nov. 21, 2019) (discussing the Board's discretion under A.R.S. § 31-412(A) to determine whether the prisoner "will remain at liberty without violating the law and that the release is in the best interests of the state"). Thus, like the change in *Morales*, Borchers' conditions of release by no means ensured that he would serve more time in prison; they created only a speculative and attenuated possibility of increasing his sentence. Nor did they redefine his crime. As a result, the change of conditions did not violate the ex post facto clause under *Morales* and the Court cannot find that the state court's decision to that effect was contrary to or an unreasonable application of Supreme Court precedent.

Several years later, in *Garner v. Jones*, 529 U.S. 244 (2000), the Supreme Court stressed that the ex post facto clause "should not be employed for 'the micromanagement of an endless array of legislative adjustments to parole and sentencing procedures.'" 529 U.S. at 252 (quoting *Morales*, 514 U.S. at 508). Rather, "States must have due flexibility in formulating parole procedures and addressing problems associated with confinement and release." *Id.* *Garner* reaffirmed the approach in *Morales*, noting that "not every retroactive procedural change creating a risk of affecting an inmate's terms or conditions of confinement is prohibited." 529 U.S. at 250 (quotation marks and citation omitted). The question is a matter of degree, and the controlling inquiry is "whether retroactive application of the change in [state] law created a sufficient risk of increasing the measure of punishment attached to the covered crimes." *Id.* (quotation marks and citation omitted). "When the rule does not by its own terms show a significant risk, the [petitioner] must demonstrate, by evidence drawn from the rule's practical implementation by the agency charged with exercising discretion, that its retroactive application will result in a longer period of incarceration than under the earlier rule." *Id.* at 255. Because the petitioner in

*Garner* presented no such evidence, "his claim rest[ed] upon speculation" and the Supreme Court denied relief. *Id.* at 256.

Borchers likewise presents no evidence that the addition of sex offender release conditions has had the effect of increasing sex-offender prison sentences in Arizona. Although it is true that the release conditions resulted in his being returned to prison, this is because he chose to violate the conditions, revealing a significant risk to the community. This single data point does not show that the release conditions generally have had the effect of increasing punishments for sex offenses in Arizona, and Borchers therefore has not shown that the conditions have a general ex post facto effect. Any claim in this regard is speculative. Again, the Court cannot conclude that the state court's rejection of his ex post facto claim constituted an incorrect or unreasonable application of Supreme Court precedent in *Morales* and *Garner*. *See Saif'ullah v. Chappell*, No. C-12-6507 EMC (PR), 2014 WL 5514141, at *4 (N.D. Cal. Oct. 31, 2014) ("*Morales* and *Garner* comprise the 'clearly established Federal law, as determined by the Supreme Court,' for § 2254(d) purposes."); *Gutierrez v. Cain*, No. 2:16-CV-02025-SB, 2019 WL 5198170, at *8 (D. Or. Mar. 7, 2019) (relying on *Garner* and *Morales* as relevant Supreme Court precedent).

Borchers cites several cases for the proposition that new legislative action violates the ex post facto clause where it disadvantages a prisoner or affects his opportunities, such as being classified as a low risk inmate instead of a medium or maximum risk inmate. Doc. 30 at 5. But these are not Supreme Court cases, and they otherwise are inapposite. *See State v. Murray*, 982 P.2d 1287, 1289 (Ariz. 1999) (holding that under the separation of powers clause "the legislature cannot overrule and change [the court's] interpretation of the statute and apply it on a retroactive basis"); *San Carlos Apache Tribe v. Super. Ct. ex rel. Cty. of Maricopa*, 972 P.2d 179 (Ariz. 1999) (holding that retroactive changes to vested water rights violated the separation of powers and due process clauses); *United States v. Mettler*, 938 F.2d 764, 768 (7th Cir. 1991) (finding that the district court's consideration of the defendant's prior conspiracies did not violate the ex post facto clause where his actions "were criminal at the time they were committed [and his] sentence was within the

statutory maximum for both . . . offenses"); *Himes v. Thompson*, 336 F.3d 848, 858-64 (9th Cir. 2003) (finding changes to parole regulations to be "extreme" where they served to "deny rerelease entirely"); *Brown v. Palmateer*, 379 F.3d 1089, 1095 (9th Cir. 2004) (finding a new parole standard unlawful where it gave the board complete discretion to find that a prisoner is a danger to the community); *Dyer v. Bowlen*, 465 F.3d 280, 281-90 (6th Cir. 2006) (remanding case for an evidentiary hearing as to how the board exercised its new discretion in determining the seriousness of the crime).[2]

Borchers asserts that, under the 1956 criminal code that applied at the time of his conviction, the Board determined when a prisoner was to be released on parole but had no say in the release conditions. Doc. 30 at 2-3. He argues that it was error for the Board to adopt conditions that applied to him. *See id.* Even if this were true, it raises only a potential state-law violation which is not cognizable on federal habeas review. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011); *Little v. Crawford*, 449 F.3d 1075, 1083 (9th Cir. 2006).

The Court will accept the R&R on ground one.

### V.     Certificate of Appealability and Leave to Proceed In Forma Pauperis.

Judge Willett recommends that a certificate of appealability and leave to proceed in forma pauperis be denied. Doc. 27 at 10-11. The Court concludes that Borchers has made no showing of the denial of a constitutional right, and that no reasonable jurist would find that his claims warrant federal habeas relief. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court accordingly will deny a certificate of appealability and leave to proceed in forma pauperis.

**IT IS ORDERED:**

1. Judge Willett's R&R (Doc. 27) is **accepted**.
2. Borchers's amended habeas petition (Doc. 5) is **denied**.

---

[2] As the Ninth Circuit has noted, circuit court opinions "do not themselves constitute 'clearly established Federal law' for AEDPA purposes," and circuit precedent may not be used "to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that the Court has not announced[.]" *Biggs*, 717 F.3d at 690 (quoting *Marshall v. Rodgers*, 569 U.S. 58, 64 (2013)).

3. A certificate of appealability and leave to proceed in forma pauperis are **denied**.

4. The Clerk of Court is directed to enter judgment accordingly and terminate this action.

Dated this 25th day of October, 2021.

*David G. Campbell*

David G. Campbell
Senior United States District Judge