**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Douglas C. Borchers,

             Petitioner,

v.

David Shinn, Director of the Arizona Department of Corrections,

             Respondent.

No. CV-20-08170-PHX-DGC (ESW)

**ORDER**

Petitioner Douglas Borchers was sentenced to Arizona state prison in 1974 for raping a thirteen year old girl.  Following his parole some 40 years later, he was returned to prison for violating conditions of supervision.

Borchers commenced this federal action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Doc. 1.  He claims in his amended petition that the parole revocation violates the ex post facto and due process clauses of the United States Constitution.  Doc. 5.

Last year, the Court accepted Judge Willett's recommendation that the petition be denied.  Docs. 27, 33.  The Clerk entered judgment on October 25, 2021.  Doc. 34.  Borchers has filed a Rule 60 motion.  Doc. 39.  The Court will deny the motion.[1]

---

[1] Borchers filed a notice of appeal, but the Ninth Circuit denied his request for a certificate of appealability.  *See* Docs. 35, 38, 40.

1

## I.     Background.

In March 1974, Borchers abducted a girl from her junior high school and raped her at knife point. *See* Doc. 29 at 7. Borchers was convicted in state court of kidnapping, rape, and lewd and lascivious conduct, and was sentenced to 20-years-to-life in prison. *See* Docs. 5 at 2, 29 at 2; *State v. Borchers*, CR1974-006459 (Coconino Cnty. Super. Ct.); *Borchers v. Lewis*, 967 F.2d 584, at *1 (9th Cir. 1992).

In November 2014, the Arizona Board of Executive Clemency ("Board") released Borchers on parole, subject to certain conditions. *See* Doc. 12-8 at 2, 8. In July 2019, the Arizona Department of Corrections ("ADOC") issued an arrest warrant alleging that Borchers had violated three conditions of supervision – soliciting prostitution, accessing websites that cater to sex offenders, and accessing websites that encourage sexual excitement or hostile behaviors. *Id.* at 2-13. The Board revoked Borchers's parole in August 2019 after finding that he had violated each condition. Doc. 12-9 at 2. He was returned to prison to continue serving his sentence in the 1974 case.

In September 2019, Borchers challenged the parole revocation in a state court petition for post-conviction relief. Doc. 12-1. The superior court dismissed the petition. Doc. 12-4. The court of appeals granted review, but denied relief. Doc. 12-6; *State v. Borchers*, No. 1 CA-CR 20-0070 PRPC, 2020 WL 3249932, at *1 (Ariz. Ct. App. June 16, 2020).

Borchers brought this federal habeas action in July 2020. Doc. 1. He asserts two grounds for relief in his amended petition: (1) parole conditions implemented after his 1974 case violate the ex post facto clause, and (2) his continued imprisonment violates due process because his sentence expired under a 1992 revision of state sentencing laws. Doc. 5 at 6-7.

### A.     Ground One – Ex Post Facto Claim.

Borchers asserts that ADOC and the Board applied new conditions of parole to his 1974 case, producing ex post facto changes. He claims that the Arizona Legislature made retroactive changes to a 1978 law, that ADOC turned this legislation into 46 conditions of

parole, and that any failure to agree with these conditions results in a prisoner being returned to custody until his sentence expires – in Borchers's case, until he dies.  He claims that the 1978 change in the law is substantively more onerous than the law in effect when he was sentenced.  Doc. 5 at 6.

Borchers raised this claim in his post-conviction relief petition.  Doc. 12-1 at 1-7.  The superior court dismissed the claim, stating:

> The test of whether a statute violates the ex-post facto clause is whether the statute is regulatory in nature and effect; if so, it is not considered punitive in nature and therefore is not a penalty that increases a statutory sentence.  Arizona courts have held that requiring a person to register as a sex offender, or imposing a community notification statute, are regulatory and not punitive.  The purpose of these laws is to protect the community from sex offenders and therefore they do not constitute an ex-post facto imposition of a punitive penalty.

> The conditions of release imposed by the [Board] likewise are designed to protect the community.  They did not increase the punishment imposed by the original sentencing judge in this case.  They are regulatory and not punitive in their nature.  The Defendant was advised of these conditions and agreed to them.  A.R.S. § 31-411 (E).  These conditions are within the accepted authority of the [Board] when supervising convicted felons on parole.

> The Court concludes that the Defendant has failed to raise a colorable claim of a violation of his rights under the Arizona or U.S. Constitution.

Doc. 12-4 at 3.  This decision was affirmed on appeal.  Doc. 12-6 at 5.

The ex post facto clause of the United States Constitution bars laws that retroactively (1) alter the definition of crimes or (2) increase punishment for criminal acts.  *See* Doc. 27 at 4 (citing U.S. Const. art. I, § 10, cl. 1; *Collins v. Youngblood*, 497 U.S. 37, 43 (1990)).  Borchers's parole was revoked because he violated specific conditions of supervision, not because of his criminal conduct in the 1974 case.  *See Nevarez v. Barnes*, 749 F.3d 1124, 1128 (9th Cir. 2014) (rejecting ex post facto claim were the diminution in time-served credits was not triggered by the prisoner's original offense, but by "intervening conduct – continued gang affiliation").  The conditions prohibited Borchers, as a convicted

violent sex offender, from soliciting prostitution and accessing websites that cater to sex offenders or encourage sexual excitement or hostile behaviors.  *See* Doc. 12-1 at 10-16. The superior court found that these conditions do not violate the ex post facto clause because they are designed to protect the community, did not increase the punishment imposed in the 1974 case, and are regulatory in nature.  Doc. 12-4 at 3.  Ground One fails on the merits because the state court decision is neither contrary to nor an unreasonable application of Supreme Court precedent.  *See* Docs. 27 at 4, 33 at 8-10; 28 U.S.C. § 2254(d).

### B.    Ground Two – Due Process Claim.

Borchers claims that he has been imprisoned beyond the expiration of his sentence in violation of due process.  He alleges that in 1992, the Arizona Legislature passed a law to bring sentences in line with Arizona's 1978 Truth-in-Sentencing law.  He further alleges that the 1978 law required the Board to review all 1956-Criminal-Code-sentenced prisoners to determine which code afforded the earliest mandatory release date, that his earliest mandatory release date was after serving 35 years, and that he has in fact served 46 years. Doc. 5 at 7.

Ground Two is procedurally defaulted because Borchers did not fairly present it as a federal claim in his post-conviction relief proceeding, a return to state court would be futile, and the default is not excused.  *See* Docs. 27 at 8-10, 33 at 5-6.

## II.    Borchers's Rule 60 Motion.

Borchers seeks relief from the Court's judgment under Rule 60 of the Federal Rules of Civil Procedure.  Doc. 39.  Rule 60(b) provides for reconsideration of a prior judgment "only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief."  *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted); *see also* LRCiv 7.2(g)(1) (a motion for reconsideration will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the

4

Court's] attention earlier with reasonable diligence").  "The moving party bears the burden of proving the existence of a basis for Rule 60(b) relief."  *Williams v. Winget*, No. CV-19-05096-PHX-MTL (CDB), 2022 WL 1406694, at *3 (D. Ariz. May 4, 2022) (citing *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988)).

Borchers cites a recent decision from the Third Circuit, *Holmes v. Christie*, 14 F.4th 250 (3d Cir. 2021), which he claims is "on point" and brings into question the Court's rulings in this case.  Doc. 39 at 2.  In *Holmes*, a state inmate brought a § 1983 action challenging the retroactive application of amendments to New Jersey's parole act, which allowed the parole board to consider old information, including prior criminal history, when deciding whether to grant parole.  The Third Circuit found that Holmes's complaint told "a plausible story: The old rules protected prisoners from repeated parole denials based on their criminal history; the 1997 Amendments removed that protection; and the [b]oard relied partly on Holmes's history in refusing to release him."  *Holmes*, 14 F.4th at 263.  The court vacated the dismissal of Holmes's ex post facto claim because there was a legitimate question as to whether the board's consideration of Holmes's criminal history created a "significant risk" of prolonging his imprisonment relative to the old rules.  *Id.*; *see also id.* at 262 (noting that because Holmes "had remained 'infraction free' after his initial [parole] hearing, . . . he would have enjoyed strong parole prospects under the pre-1997 rules").

As previously explained, whether Borchers's conditions of supervision would ever lengthen his prison sentence was by no means certain.  *See* Doc. 33 at 9-10.  If Borchers complied with the conditions, he would not serve another day in prison for his 1974 conviction.  If he violated, the decision on whether to return him to prison would be up to the Board and would depend on the severity of his violations, the risk he presented to the community, and other factors.  *See Hogan v. Ariz. Bd. of Pardons & Paroles*, 501 P.2d 944, 947 (Ariz. 1972) (noting that the Board "has exclusive power to grant or revoke a release"); *Ingersoll v. Ariz. Bd. of Exec. Clemency*, No. 1 CA-CV 19-0069, 2019 WL 6222195, at *2 (Ariz. Ct. App. Nov. 21, 2019) (discussing the Board's discretion under A.R.S. § 31-412(A) to determine whether the prisoner "will remain at liberty without

violating the law and that the release is in the best interests of the state").  Thus, unlike the amendments to the parole act in *Holmes*, which created a "significant risk" of prolonging imprisonment, Borchers's conditions of release by no means ensured that he would serve more time in prison; they created only a "speculative and attenuated possibility" of increasing his sentence.  *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 508-09 (1995) (holding that the "conjectural effects" of increased time between parole hearings were "insufficient under any threshold we might establish under the Ex Post Facto Clause"); *see also Garner v. Jones*, 529 U.S. 244, 252 (2000) (because "[t]he States must have due flexibility in formulating parole procedures and addressing problems associated with confinement and release[,]" the ex post facto clause "should not be employed for 'the micromanagement of an endless array of legislative adjustments to parole and sentencing procedures'") (quoting *Morales*, 514 U.S. at 508).

What is more, even if *Holmes* were on point, as Borchers contends, the case is not a Supreme Court case.  As the Ninth Circuit has explained, circuit court opinions "do not themselves constitute 'clearly established Federal law' for AEDPA purposes," and circuit precedent may not be used "to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that the Court has not announced."  *Biggs v. Sec'y of Cal. Dep't of Corr. & Rehab.*, 717 F.3d 678, 690 (9th Cir. 2013) (quoting *Marshall v. Rodgers*, 569 U.S. 58, 64 (2013)).

Borchers reliance on *Thomas v. Arizona State Board of Pardons & Paroles*, 564 P.2d 79 (Ariz. 1977), is also misplaced.  *See* Doc. 39 at 5.  *Thomas* is not a United States Supreme Court case, and otherwise is inapposite because it involved the revocation of parole without a hearing.  564 P.2d at 81 ("In order to revoke the petitioner's parole, the state must comply with the requirements of due process and grant him a hearing.").

Borchers spends much of his motion rearguing the merits of his habeas petition.  *See* Doc. 39 at 3-4 (applying the conditions of supervision "to old code offenders and using the conditions to violate [his] parole and return [him] behind bars goes beyond 'significant' risk"); at 4 (the conditions were "not included in [his] proclamation of parole"); at 5 (the

"parole proclamation does <u>not</u> include ADOC community supervision conditions, which were used to violate [his] parole"); at 5-6 (he has "continued to include [Ground Two] thru [his] filings in state court"); at 6 (the legislature directed "the Board to calculate [an] old code offender['s] maximum release date under the Truth-in-Sentencing laws of 1978[,]" which in his case was 26.25 years).   A motion for reconsideration may not recycle arguments and "ask the Court to rethink what it has already thought through."  *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003); *see United States v. Wise*, 830 F. App'x 916, 917 (9th Cir. 2020) (denying relief where the "Rule 60(b) motion simply repeats arguments made in [the] § 2255 motion"); *In re Hageman*, No. 6:18-AP-01081-MW, 2022 WL 2176773, at *4 (B.A.P. 9th Cir. June 13, 2022) ("Debtors merely recycle arguments previously made, allege legal error, and fail to identify anything new that makes enforcement of the judgment unfair; they fail to justify Civil Rule 60(b)(1) relief.").   Borchers's arguments regarding the merits of his case do not warrant reconsideration of the Court's order denying his habeas petition.  *See* Doc. 33.[2]

**IT IS ORDERED** that Borchers's Rule 60 motion and request for a certificate of appealability (Doc. 39) are **denied**.

Dated this 30th day of June, 2022.

David G. Campbell
Senior United States District Judge

---

[2] Borchers appears to assert an Eighth Amendment claim, contending that he has now served more than 48 years in prison and "any sentence beyond the Board's calculated date would be excess[ive] which under the Constitution is cruel and unusual punishment." Doc. 39 at 6.  Borchers did not raise this claim in his amended petition (Doc. 5), and "a motion for reconsideration under [Rule] 60(b) is an improper vehicle for bringing new claims not previously raised."  *Belinda K. v. Baldovinos*, No. 10-CV-02507-LHK, 2012 WL 3249481, at *3 (N.D. Cal. Aug. 7, 2012).